IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OTOE-MISSOURIA TRIBE OF OKLAHOMA, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case Number CIV-06-1436-C |
| DIRK KEMPTHORNE, Secretary of the Interior; ROSS O. SWIMMER, Special Trustee for American Indians; and HENRY PAULSON, Secretary of the Treasury, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action seeking declaratory and injunctive relief to force Defendants to provide a proper accounting of accounts held in trust by Defendants. Plaintiff also seeks an order setting forth the scope of Defendants' duties in maintaining the trust. Defendants filed the present motion raising several arguments which they assert preclude Plaintiff from obtaining the relief sought. According to Defendants, Plaintiff has failed to state a claim for relief and/or the Court lacks subject matter jurisdiction. Defendants' arguments do not attack the factual allegations in the Amended Complaint but argue those allegations are insufficient to state a claim as a matter of law.

In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing

Bell Atl. Corp. v. Twombly, 550 U.S.544, ___, 127 S.Ct. 1955, 1964-65 (2007), and Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal citation omitted). It is through this lens that the Court examines Plaintiff's Amended Complaint.

*1. 5 U.S.C. § 706(1)*

Defendants argue the claims raised by Plaintiff fail to state a claim available under the Administrative Procedures Act, 5 U.S.C. § 701 et seq. ("APA"). According to Defendants, Plaintiff attempts to raise claims, primarily under 5 U.S.C. § 706(1), to compel agency action which has been unlawfully withheld. Defendants argue this claim must fail as the Supreme Court has clarified that courts can only enforce discrete, non-discretionary, mandatory duties through § 706(1). Defendants rely on Norton v. Southern Utah Wilderness Association, 542 U.S. 55 (2004) (hereinafter SUWA), to support their position. According to Defendants, because Plaintiff has failed to identify any such duty, the Amended Complaint fails to state

a claim for relief. In response, Plaintiff notes that Defendants do have a discrete, non-discretionary, mandatory duty to properly account for the funds they hold in trust. According to Plaintiff, this duty is made clear in Cobell v. Norton, 240 F.3d 1081 (D.C. Cir. 2001) (hereinafter Cobell VI).

In SUWA, the Supreme Court held that a plaintiff can proceed under § 706(1) only where the "plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." SUWA, 542 U.S. at 64. Later, the Supreme Court noted that to be "required," the action must be "demanded by law." Id. at 65. Thus, to state a claim cognizable under § 706(1), Plaintiff must identify a legal obligation imposed on Defendants to account for the funds held in trust. As noted above, Plaintiff argues this duty is set forth in Cobell VI. Plaintiff's position is only partly correct. Cobell VI outlines the historical relationship between the United States government and Native Americans. However, Cobell VI was brought by an individual who stands in a different posture in relation to the government than does Plaintiff. Nonetheless, Cobell VI is helpful in establishing the common law obligation of Defendants to provide an accounting, and thereby establish the discrete duty required by SUWA. However, because the discussion surrounding this duty is merely dicta in Cobell VI, the Court will examine other sources for Defendants' duty.

Both parties cite to the 1994 American Indian Trust Fund Management Reform Act, 25 U.S.C. §§ 4001-4067 ("1994 Act"). Defendants argue that Section 304, codified at 25 U.S.C. § 4044, controls their obligations regarding Plaintiff and that they have complied with those requirements. According to Defendants, in 1996, Plaintiff was sent a Tribal

Reconciliation Project ("TRP") report and that TRP report satisfied the obligations of § 4044. In its Amended Complaint, Plaintiff denies ever receiving a TRP report. Thus, Plaintiff has established a factual issue as to whether Defendants have complied with the statutory obligations.[1] Consequently, Plaintiff is entitled to pursue this action under § 706(1), as Plaintiff may compel Defendants to perform the discrete activity of accounting for the funds held in trust as required under § 4044.

Defendants argue that even assuming § 4044 requires an accounting, there is no obligation to account for funds prior to 1994. Defendants' argument asks the Court to ignore the plain language of § 4044. In pertinent part that statute states: "a report identifying for each tribal trust fund account for which the Secretary is responsible a balance reconciled as of September 30, 1995." In § 4041, the purposes of the subchapter are defined: "to provide for more effective management of, and accountability for the proper discharge of, the Secretary's trust responsibilities to Indian tribes . . . ." Given the long history of the government's trust responsibilities to the tribes, and the difficulties in carrying out those duties, it defies reason to believe that Congress intended to direct that whatever balance was on the books at the time of passage of the 1994 Act was sufficient. Rather, it is clear that Congress intended a reconciliation of the account to determine what the proper balance should be and to require proper accounting and reconciliation to continue in the future.

---

[1] While Defendants have provided evidence to the contrary, the Court disagrees that the evidence is the type that can be considered without converting the matter to one for summary judgment. Even were the Court to consider the material, it is not convinced the issue must be resolved in Defendants' favor.

Plaintiff has pleaded facts which, if proven, would establish that Defendants have failed to comply with this statutory directive. Accordingly, Defendants' motion will be denied on this issue.[2]

*2. 5 U.S.C. § 706(2)*

Defendants argue that Plaintiff's alternative theory alleges Defendants took arbitrary and capricious final action and, therefore, Plaintiff may seek review of that action under § 706(2). Defendants argue jurisdiction under § 706(2) is not present because Plaintiff has failed to identify any final agency action which is subject to review. Plaintiff responds, noting that to the extent it has pleaded that Defendants failed to provide a complete accounting, it has identified an action that is contrary to law as required by § 706(2).

In pertinent part, section 706 states:

The reviewing court shall - -

(2) hold unlawful and set aside agency action, findings, and conclusions found to be–
    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (B) contrary to constitutional right, power, privilege, or immunity;
    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
    (D) without observance of procedure required by law;
    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

---

[2] Neither party fully develops the issue of other statutory or common law obligations which may also impose duties on Defendants to provide an accounting. Therefore, the Court does not reach that issue.

> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

As noted above, Plaintiff's Amended Complaint sets forth allegations which, if proven, would establish that Defendants have acted, at a minimum, in a manner not in accordance with law. Thus, Plaintiff has pleaded a claim which may be brought under 5 U.S.C. § 706(2). Defendants' motion will be denied on this point.

*3. Monetary Award*

Defendants argue that, to the extent Plaintiff seeks a monetary award, this Court lacks jurisdiction to hear the claim. According to Defendants, Plaintiff's claims seeking a monetary award are barred in this Court by the Tucker Act, 28 U.S.C. § 1491, and are not permissible under 5 U.S.C. § 702. Thus, Defendants argue, the Court lacks jurisdiction and Plaintiff's case must be dismissed.

*A. Tucker Acts*

The Tucker Act and Indian Tucker Act are codified at 28 U.S.C. §§ 1491 and 1505 (collectively "Tucker Acts"). Defendants argue that these statutes bar the Court from exercising jurisdiction under § 702 of the APA because that section prevents an award of relief under it if any other statute grants consent to suit or impliedly bars the relief sought. According to Defendants, because the Tucker Acts require claims for monetary damages to be brought in the Court of Federal Claims, Plaintiff cannot rely on § 702 to provide a waiver of sovereign immunity and bring its claims in this Court.

Section 1491 is inapplicable to this case. It governs contract claims and Plaintiff is not pursuing a contract claim. Section 1505, does not, contrary to Defendants' arguments, impose exclusive jurisdiction in the Court of Federal Claims. To the contrary, § 1505 grants jurisdiction to the Court of Federal Claims to hear claims concurrently with the various district courts. See Manchester Band of Pomo Indians, Inc., v. United States, 363 F.Supp. 1238, 1242 (N.D. Cal. 1973) (statutes cited therein outlining various authorizations for tribes to sue the United States in district court).

To the extent Defendants argue § 702 does not provide a waiver of sovereign immunity in this case because Plaintiff seeks a monetary award, their argument lacks merit. First and foremost, Plaintiff seeks an accounting of funds held in trust by Defendants. If that accounting reveals that the balance Defendants currently believe to be accurate is in actuality understated, the adjustment necessary to correct the balance will not be monetary damages. Rather, that amount is more in the nature of reimbursement as it merely restores to Plaintiff that which always belonged to it. Bowen v. Mass., 487 U.S. 879, 893 (1988):

> Our cases have long recognized the distinction between an action at law for damages-which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation-and an equitable action for specific relief-which may include an order providing for the reinstatement of an employee with backpay, or for "the recovery of specific property *or monies*, ejectment from land, or injunction either directing or restraining the defendant officer's actions." Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949) (emphasis added). The fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as "money damages."

Thus, § 702 provides this Court jurisdiction to consider Plaintiff's claims.

*4. Indian Claims Commission Act*

Defendants argue that to the extent Plaintiff seeks an accounting relating to management prior to 1946, this Court lacks subject matter jurisdiction. According to Defendants, any claims that Plaintiff could have brought before the Indian Claims Commission ("ICC"), but did not are forever barred. Defendants argue that the Indian Claims Commission Act ("ICCA"), 60 Stat. 1052, vested the ICC with exclusive jurisdiction to hear and determine all tribal trust claims against the federal government that existed as of August 13, 1946. Plaintiff argues Defendants' position ignores the passage of several public laws which, according to Plaintiff, has the effect of deferring the accrual of the statute of limitations. Plaintiff asserts that the cases on which Defendants rely predate the passage of these public laws and are therefore inapposite.

After consideration of the parties' factual and legal arguments, the Court finds that Congress deferred accrual of the statute of limitations including any limitation arising from the ICCA by passage of the various Tribal Trust Accounting Statutes. As noted by Plaintiff, the language of those statutes is very broad, stating:

> notwithstanding any other provision of law, the statute of limitations shall not commence to run on any claim, including any claim in litigation pending on the date of the enactment of this Act, concerning losses to or mismanagement of trust funds, until the affected tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss . . . .

Pub. L. No. 109-54, 119 Stat. 499 (2005). The plain language of the Act clearly expresses an intent to suspend all statutes of limitations until an accounting has been provided. To the

extent there is any ambiguity regarding the scope of the Act, the Indian canons of construction[3] mandate that ambiguity be resolved in favor of the tribe, which would also defer application of any limitations period. Thus, because Plaintiff asserts it has never received an accounting, its claims have not yet accrued. Likewise, those claims are not barred by the ICCA. Defendants' motion will be denied on this issue.

*5. Non-Monetary Tribal Assets*

Defendants argue that to the extent Plaintiff seeks an accounting of non-monetary assets, its claims are barred as Plaintiff has failed to specify a discrete statutory duty to account for such property. In the alternative, Defendants argue Plaintiff's claims for an accounting of non-monetary assets should be dismissed as they have failed to exhaust administrative remedies on that claim.

Defendants' arguments regarding the lack of a discrete duty lacks merit. As discussed above, the obligations of the United States to the Indian tribes in general, and Plaintiff in particular, are well established. It is clear that the United States acts as a trustee for Plaintiff and that at least some of the corpus of the trust is non-monetary. Whether the duty to account for the non-monetary assets held in trust arises from statute or common law, it does exist for the reasons set forth earlier in this opinion. Defendants have offered no argument of law or fact establishing that the different nature of the corpus affects Defendants' obligations. Likewise, Defendants have failed to demonstrate that the administrative remedies they allege

---

[3] See <u>Montana v. Blackfeet Tribe of Indians</u>, 471 U.S. 759, 766 (1985).

Plaintiff failed to exhaust are applicable to the issues in this case. Indeed, had Plaintiff undertaken the steps promoted by Defendants, nothing in that process would have even remotely addressed the relief Plaintiff seeks here. Thus, Plaintiff was not required to exhaust that process prior to proceeding in this Court. Defendants' motion will be denied on this issue.

For the reasons set forth herein, Defendants' Motion to Dismiss (Dkt. No. 48) is DENIED.

IT IS SO ORDERED this 10th day of December, 2008.

ROBIN J. CAUTHRON
United States District Judge